Manly, J.
 

 We gather the following facts from the pleadings : Charles Joyner, by his last will, left a parcel of land to be equally divided between his family of children, viz: Caroline, wife of the defendant Edwards, Eliza A., John E., Lavinia and Clarinda Joyner. By the subsequent death of two of the children, under age and intestate, that is, Eliza and Lavania, the remaining three became entitled to the land as tenants in common. These three presented a petition to the court of equity of Greene, to have the land sold for a division, which was accordingly decreed, and' the proceeds divided between them, each receiving $1361.18. The case now before us, sets forth that another of the children, viz., Olarinda, is now dead, under age and intestate, and that the petitioner, Jones, in right of his wife, Mary, who is the mother of the children, is entitled to a distributive share of this fund. This, we think, is a mistake of
 
 right.
 

 By reference to the law, under which the proceedings for
 
 *337
 
 the sale were conducted; Revised Code, ehap. 82, sections 6 and 7, it will be found, where real estate is converted into personalty for a division, the latter, if belonging to an infant, will continue of the character of realty, so as to be subject to the law of descent governing the transmission of real estate; and such will be the case, we take it, until a different character is impressed upon it by some act of the owner; according to what is said in
 
 Dudley
 
 v. Winfield, Bush. Eq. 91.
 

 In the ease before us, the real estate had been converted by a sale in equity into personalty, and paid to the guardian of Clarinda; upon her death, therefore, intestate, and under age, it would descend to her real representative and not to her next of kind, under the statute for distributing personalty.
 

 The petitioner, Mary, therefore, who is the mother of the decedent, is not entitled to any portion of this fund, but it goes to the heirs-at-law according to the canons of descent regulating inheritances, to wit: to the brother and sister.
 

 The judgment of the Court below should be affirmed, and the petition dismissed with costs.
 

 Per Curiam,
 

 Judgment affirmed.